**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN SOTELO-ESPINOZA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71229 <br><br> Agency No. A092-729-546 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Joaquin Sotelo-Espinoza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision determining that Sotelo-Espinoza had

abandoned his application for cancellation of removal for failure to comply with

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the fingerprinting deadline, and declining to grant a continuance to allow him to submit his fingerprints. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance. *See Cui v. Mukasey,* 538 F.3d 1289, 1290 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in declining to grant Sotelo-Espinoza a further continuance to allow him to submit his fingerprints for biometric analysis, where the IJ informed Sotelo-Espinoza orally of the deadline for being fingerprinted and of the consequences of failure to meet the deadline, but Sotelo-Espinoza failed to comply or present good cause for his failure to comply. *See* 8 C.F.R. § 1003.47(c) ("Failure to file necessary documentation and comply with the requirements to provide biometrics . . . within the time allowed by the immigration judge's order, constitutes abandonment of the application and the immigration judge may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause."); *cf. Cui,* 538 F.3d at 1293-95 (requiring a continuance where the alien had no notice of the requirement).

In light of this disposition, we do not reach Sotelo-Espinoza's remaining contentions.

**PETITION FOR REVIEW DENIED.**

14-71229